**This order is SIGNED.**



**Dated: September 27, 2017**



**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**

---

*Order Prepared and Submitted By:*
Stephen W. Rupp, #2824
Mark C. Rose, #13855
**MCKAY, BURTON & THURMAN, P.C.**
Gateway Tower West
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail:  mrose@mbt-law.com
*Attorneys for Trustee Stephen W. Rupp*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>GREGORY J. GALLAGHER and<br>KALLIE J. GALLAGHER,<br><br>Debtors. | Bankruptcy Case No. 17-20062<br>(Chapter 7)<br><br>Judge R. Kimball Mosier<br><br>**FILED ELECTRONICALLY** |

**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Before the court for ruling is Trustee Stephen W. Rupp's ("Trustee") *Motion for Approval of Settlement Agreement* (the "Motion"). On September 5, 2017, Trustee filed the Motion along with a *Notice of Motion for Approval of Settlement Agreement and Notice of Opportunity for Hearing* (the "Notice of Hearing"). On September 7, 2017, the Motion and Notice of Hearing were served by first-class mail, through the Bankruptcy Noticing Center

(BNC), on all parties-in-interest as identified on the mailing matrix associated with this bankruptcy case. The Notice of Hearing provided notice to parties-in-interest that in the absence of an objection filed no later than September 26, 2017, the hearing reserved for October 4, 2017 at 10:30 a.m. would not be held and an order approving the Motion would be entered without a hearing.

The court has reviewed the Motion, the Notice of Hearing, and all other documents submitted in this matter. Having received no objection to the Motion or the Notice of Hearing, notice being proper, and good cause appearing, it is hereby **ORDERED** as follows:

1. Trustee Stephen W. Rupp's *Motion for Approval of Settlement Agreement* is **GRANTED**;

2. The settlement agreement between Trustee Stephen W. Rupp and Debtors Gregory J. Gallagher and Kallie J. Gallagher, attached hereto as Exhibit A, is **APPROVED**; and

3. The hearing on Trustee Stephen W. Rupp's *Motion for Approval of Settlement Agreement*, reserved for October 4, 2017 at 10:30 a.m., is **STRICKEN**.

----------------------------------------------**END OF ORDER**----------------------------------------------

## **DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below are registered CM/ECF users:

Theodore Floyd Stokes, ted@stokeslawpllc.com
Mark C. Rose, mrose@mbt-law.com
Stephen W. Rupp, srupp@mbt-law.com
United States Trustee, USTPRegion19.SK.ECF@usdoj.gov
**All other parties registered with CM/ECF and entitled to notice in this case**

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R.Civ.P.5(b):

Gregory J Gallagher
Kallie J. Gallagher
39 West Wilson Ave.
Murray, UT 84170

Deputy Clerk

# EXHIBIT A

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is made and entered into as of the 11th day of August, 2017, but effective as of the Effective Date (as defined below), by and between Stephen W. Rupp ("Trustee"), as trustee of the Chapter 7 bankruptcy estate of Gregory J. Gallagher and Kallie J. Gallagher in bankruptcy case 17-20062, on the one hand, and Debtors Gregory J. Gallagher and Kalli J. Gallaher ("Debtors"), on the other hand. Trustee and Debtors are sometimes referred to herein individually as a "Party" or collectively as the "Parties."

## RECITALS

A. On January 4, 2017 (the "Petition Date"), Debtors jointly filed a voluntary petition for relief under Chapter 7 of the bankruptcy code resulting in bankruptcy case 17-20062 (the "Bankruptcy Case"), which is pending in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court").

B. On February 9, 2017, Debtors' first meeting of creditors was conducted. At Debtors' first meeting of creditors, Trustee learned that Debtors filed their 2016 federal and state tax returns on or about February 8, 2017. In reviewing Debtors' 2016 federal and state tax returns, Trustee learned that Debtors were entitled to a $1,774.00 2016 federal tax refund (the "Federal Refund") and a $225.00 2016 state tax refund (the "State Refund").

C. Based on the Petition Date, the whole of both the Federal Refund and the State Refund were property of Debtors' bankruptcy estate. Accordingly, Trustee issued a general and specific oral and written directive (the "Directive") to Debtors requiring them to turnover the Federal Refund and the State Refund.

D. After Debtors failed to comply with the Directive and failed to turnover the Federal Refund and the State Refund after they received them, Trustee requested a turnover order from the Bankruptcy Court. On May 11, 2017, the Bankruptcy Court entered a turnover order, which required Debtors to turnover the Federal Refund and the State Refund.

E. After Debtors failed to comply with the turnover order, Trustee commenced an adversary proceeding, case number 17-_02075_ (the "Adversary Proceeding"), against Debtors seeking denial of Debtors' discharge under 11 U.S.C. §727.

F. After settlement negotiations, Trustee and Debtors have agreed to resolve and compromise any and all claims and disputes that currently exist between them on account of the Adversary Proceeding pursuant to the terms and conditions more fully set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the foregoing recitals of fact, and subject to the approval of the Bankruptcy Court in the Bankruptcy Case, the Parties hereto agree as follows:

1.	<u>Effectiveness of Agreement</u>.  This Agreement shall become effective upon the entry of an order by the Bankruptcy Court in the Bankruptcy Case approving this Agreement. The date of entry of the Bankruptcy Court's order approving this Agreement is herein referred to as the "Effective Date."  Trustee shall file a motion with the Bankruptcy Court seeking approval of this Agreement and provide notice of the motion to all parties-in-interest entitled to such notice in the Bankruptcy Case.

2.	<u>Settlement Amount/Terms</u>.  Debtors shall pay to Trustee, for the benefit of Debtors' bankruptcy estate, the sum of two thousand five hundred dollars ($2,500.00) exactly (the "Settlement Amount") to resolve any and all claims Trustee or Debtors' bankruptcy estate has in and to the Adversary Proceeding, generally, and the Federal Refund and the State Refund, specifically.  Debtors also agree to file their 2014 and 2015 federal and state tax returns on or before April 1, 2018 and turnover any and all refunds they receive in connection with their 2014 and 2015 tax returns.

3.	<u>Payment of the Settlement Amount by Debtor to Trustee</u>. Debtors shall pay the Settlement Amount to Trustee through monthly installments of at least one hundred dollars ($100.00) per month starting September 20, 2017 and on or before the 20th day of each consecutive month thereafter until April 31, 2018, with the total Settlement Amount due and payable in-full on or before April 31, 2018.  Debtors agree to turnover their portion of any and all 2017 federal and state tax refunds they receive immediately upon receipt and necessary to satisfy the Settlement Amount. This payment plan will allow Debtors to use their portion of their 2017 federal and state tax refunds or obtain other means to pay the Settlement Amount by April 31, 2018. Payments toward the Settlement Amount shall be made payable to "<u>Stephen W. Rupp, Trustee</u>" and sent to:

> **McKay, Burton & Thurman, P.C.**
> **Attn:  Stephen W. Rupp**
> **c/o: Mark C. Rose**
> **Gateway Tower West**
> **15 West South Temple, Suite 1000**
> **Salt Lake City, UT 84101**

As noted above, Debtors shall file their 2014 and 2015 federal and state tax returns on or before April 1, 2018 and turnover any and all refunds they receive in connection with their 2014 and 2015 tax returns.  Turnover of Debtors' 2014 and 2015 federal and state tax returns shall be sent to the address identified above.

4.	<u>Failure to Pay the Settlement Amount; Notice of Breach</u>.  If Debtors fail to timely pay the Settlement Amount pursuant to paragraphs 2 and 3 of this Agreement or fail to file their 2014 and 2015 federal and state tax refunds on or before April 1, 2018, Debtors shall be in breach of this Agreement.  In the event of such a breach of the Agreement, Trustee, or his counsel, shall give written notice via U.S. mail to Debtors and/or their counsel of record, if any, of such breach and Debtors shall have thirty (30) calendar days from the date of said written

notice to cure their breach by paying all the delinquent amounts of the Settlement Amount to Trustee. Trustee shall send the written notice to the addresses on file with the Bankruptcy Court for Debtors and/or their counsel, if any.

5. **Failure to Cure Breach**. If Debtors fail to cure their breach within thirty (30) calendar days of Trustee's written notice, Debtors agree that Trustee shall be entitled to revocation and/or denial of Debtors' discharge under 11 U.S.C. §727 and a money judgment against Debtors in the amount of the Settlement Amount, less any payments made towards the Settlement Amount. In the event a money judgment is entered against Debtors in favor of Trustee, the Parties agree that the judgment amount shall accrue interest at the judicial rate and that Trustee shall be entitled to recover all attorneys' fees, costs, and expenses incurred in obtaining and collecting on the judgment against Debtors. To obtain such a revocation and/or denial of Debtors' discharge under 11 U.S.C. §727 and a money judgment against Debtors, the Parties agree that Trustee shall be allowed to submit this Agreement and an affidavit from Trustee or his counsel to the Bankruptcy Court stating that Debtors have breached the Agreement and have failed to cure such breach within thirty calendar (30) days of Trustee's written notice. By signing this Agreement, Debtors expressly acknowledge that they agrees with and consent to such revocation and/or denial of discharge under 11 U.S.C. §727 and a money judgment in the event they breach the terms of this Agreement and fail to cure such breach within thirty (30) calendar days of Trustee's written notice.

6. **Release of Claims by Trustee**. Upon the Effective Date of this Agreement, and after full payment of the Settlement Amount, Trustee shall release and forever discharge Debtors from any and all claims, demands, liabilities and responsibilities of every kind and nature, known or unknown whatsoever, related to the Adversary Proceeding.

7. **Release of Claims by Debtors**. Upon the Effective Date of this Agreement, Debtors shall release and forever discharge Trustee, his agents, representatives, and attorneys and Debtor's bankruptcy estate from any and all claims, demands, liabilities and responsibilities of every kind and nature, known or unknown whatsoever, related to the Adversary Proceeding.

8. **Bankruptcy Court Approval**. The Parties acknowledge that this Agreement is subject to notice to parties-in-interest in the Bankruptcy Case and approval of the Bankruptcy Court.

9. **Governing Law**. This Agreement and the rights and obligations of the Parties hereunder shall be construed in accordance with and governed by the laws of the State of Utah, except to the extent such laws are superseded by the laws of the United States of America, and in such instances, the laws of the United States shall control.

10. **Attorneys' Fees and Costs**. Except as otherwise provided in this Agreement, the Parties shall bear their own attorneys' fees and costs arising from or related to the execution of this Agreement.

11. **Future Attorneys' Fees**. In the event of any litigation or dispute resolution relating to this Agreement, the prevailing Party shall be entitled to collect from the other Party to

such litigation or dispute resolution any and all reasonable costs (including attorneys' fees) incurred by the prevailing Party in connection with such litigation or dispute resolution.  Such relief shall be in addition to any other relief to which the prevailing Party may be entitled.

       12.    <u>No Intended Third-Party Beneficiaries</u>.  There are no intended third-party beneficiaries of this Agreement.

       13.    <u>Binding Effect; Entire Agreement; Amendment</u>.  This Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, successors, and assigns, officers, directors, employees, agents, attorneys and representatives, subrogees, and to all persons or entities claiming by, through or under them.  This Agreement is fully integrated and represents the entire understanding between the Parties, and there are no written or oral agreements between them which are not set forth herein.  None of the provisions of this Agreement may be changed, discharged or terminated orally and may be modified or amended only by an instrument in writing, signed by all Parties.  Likewise the rights available to each of the Parties under this Agreement cannot be waived or released orally, and may be waived or released only by an instrument in writing, signed by the Party whose rights will be diminished or adversely affected by the waiver.

       14.    <u>Severability</u>.  Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction only, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.  Furthermore, all other provisions not so prohibited or unenforceable shall remain effective.

       15.    <u>Captions</u>.  The captions and headings are for reference and convenience only and shall not affect the construction or interpretation of any of the terms of this Agreement.

       16.    <u>Joint Preparation</u>.  This Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one party.

       17.    <u>No Inducement</u>.  The Parties represent, warrant, and agree that upon executing and entering into this Agreement, they, and each of them, are not relying upon and have not relied upon any representation, promise, or statement made by anyone which is not recited, contained, or embodied in this Agreement.

       18.    <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, and all such counterparts shall constitute one and the same Agreement.  Facsimile or e-mailed signatures by PDF shall have the same force and effect as original signatures.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE TO FOLLOW]**

**IN WITNESS WHEREOF**, the Parties hereto execute this Agreement as follows:

_____    Dated this \_\_\_ day of _____, 2017.
Gregory J. Gallagher
*Debtor*


_____    Dated this \_\_\_ day of _____, 2017.
Kallie J. Gallagher
*Debtor*

CHAPTER 7 BANKRUPTCY ESTATE OF
GREGORY J. GALLAGHER AND KALLI J. GALLAGHER


_____    Dated this 5 day of September, 2017.
Stephen W. Rupp
*Trustee*

5 of 5

IN WITNESS WHEREOF, the Parties hereto execute this Agreement as follows:

_____          Dated this  /  day of  09  , 2017.
Gregory J. Gallagher
*Debtor*

_____          Dated this  1  day of  09  , 2017.
Kallie J. Gallagher
*Debtor*

CHAPTER 7 BANKRUPTCY ESTATE OF
GREGORY J. GALLAGHER AND KALLI J. GALLAGHER

_____          Dated this ___ day of _____, 2017.
Stephen W. Rupp
*Trustee*